UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BRUCE BOSTON, | ) Case Nos.: 11-CV-01872-PSG |
| | ) 11-CV-01873-PSG |
| Plaintiff, | ) |
| v. | ) **ORDER GRANTING DEFENDANT** |
| | ) **KAMALA HARRIS'S, ATTORNEY** |
| KAMALA D. HARRIS, ATTORNEY | ) **GENERAL OF CALIFORNIA,** |
| GENERAL OF CALIFORNIA, | ) **MOTIONS TO DISMISS WITHOUT** |
| | ) **LEAVE TO AMEND** |
| Defendant. | ) |
| | ) **(Re: Docket Nos. 15, 21)** |

Defendant Kamala Harris, Attorney General of California (the "Attorney General"), moves to dismiss the complaints in these two cases on grounds of sovereign immunity. Plaintiff Bruce Boston ("Boston") opposes both motions. Pursuant to Civ. L.R. 7-1(b), the motions were taken under submission and the hearing vacated. Having reviewed the papers and considered the arguments of the parties, the Attorney General's motions to dismiss are GRANTED without leave to amend.

## I.     BACKGROUND

In the first case, Boston alleges that California Vehicle Code Section 22351(b) is facially invalid and violates the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution. Section 22351(b) provides that it is prima facie unlawful to drive in excess of the prima facie speed limits set forth in Vehicle Code Section 22352. Boston claims that the vehicle code section raises

1

Case Nos.: C 11-1872 PSG
            C 11-1873 PSG
ORDER

certain rebuttable presumptions that improperly shift the burden of proof to the defendant to establish that a violation of a speed limit did not occur. In addition, Boston challenges California's use of Engineering and Traffic Surveys to form the basis for determining prima facie speed limits on its roads and highways.

In the second case, Boston challenges the enforcement of California Vehicle Code Section 27400. Section 27400 prohibits a person from wearing a headset or using ear plugs to cover both ears while operating a motor vehicle or bicycle. Boston contends that wearing a headset or using ear plugs to cover both ears and operating a motor vehicle or bicycle are both fundamental rights, and thus should not be permitted to the exclusion of the other. He cites to world history and other authorities in ancient and modern jurisprudence as support for this position.

Giving Boston the benefit of the doubt, it appears that he seeks to state a claim of constitutional deprivation under 42 U.S.C. § 1983 in both cases. Boston seeks a declaratory judgment that Sections 22351(b) and 27400 are unconstitutional.

## II. LEGAL STANDARDS

A party may move to dismiss on Eleventh Amendment sovereign immunity grounds pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction.[1] Where a Rule 12(b)(1) motion is brought, the burden of proof is on the party asserting federal subject matter jurisdiction.[2]

The Eleventh Amendment "prevent[s] the indignity of subjecting a State to the coercive process of judicial tribunals at the instance of private parties."[3] Immunity applies to suits brought in federal court by a state's own citizens as well as by citizens of other states.[4] "Absent waiver,

---

[1] *See Proctor v. United States,* 781 F.2d 752,753 (9th Cir. 1986) (affirming dismissal for lack of subject matter jurisdiction because action was barred by sovereign immunity).

[2] *See Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994); *Thornhill Publ'g Co. v. Gen. Tel. & Elecs.,* 594 F.2d 730, 733 (9th Cir. 1979).

[3] *Puerto Rico Aqueduct and Sewer Authority v. Metcalf & Eddy, Inc.,* 506 U.S. 139, 146 (1993) (quoting *In re Ayers,* 123 U.S. 443 (1887)).

[4] *See id.* at 144 (citations omitted).

neither a State nor agencies acting under its control may 'be subject to suit in federal court.'"[5] The Eleventh Amendment confers total immunity from suit and is not merely a defense to liability.[6]

A state's decision to waive immunity is "altogether voluntary."[7] The test for waiver therefore is "a stringent one."[8] Courts generally will find a waiver if the state voluntarily invokes federal court jurisdiction, or if the state makes "'a clear declaration' that it intends to submit itself to our jurisdiction."[9] The Supreme Court has emphasized that a state does not waive immunity merely by "consenting to suit in the courts of its own creation," by stating its intention to "sue and be sued," or even by authorizing suits against it in "any court of competent jurisdiction."[10] Thus, a state's consent to be sued in federal court must be "unequivocally expressed."[11]

In *Ex Parte Young*,[12] the Supreme Court recognized a limited exception to Eleventh Amendment sovereign immunity to allow "suits for prospective declaratory and injunctive relief against state officers, sued in their official capacities to enjoin an alleged ongoing violation of federal law."[13] To determine whether the *Ex Parte Young* doctrine applies so that a plaintiff can avoid an Eleventh Amendment bar to suit, the court must consider whether the complaint alleges

---

[5] *Id.* at 144 (quoting *Welch v. Texas Dept. of Highways and Public Transportation,* 482 U.S. 468, 480 (1987)).

[6] *See id.* at 145-146.

[7] *See College Sav. Bank v. Florida Prepaid Postsecondary Educ. Expense Bd.,* 527 U.S. 666, 675 (1999) (citations omitted).

[8] *Id.* (quoting *Atascadero State Hospital v. Scanlon,* 473 U.S. 234, 241 (1985)).

[9] *Id.* at 675-676 (quoting *Great Northern Life Ins. Co. v. Read,* 322 U.S. 47, 54 (1944)).

[10] *Id.* at 676 (citations omitted).

[11] *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 99 (1984).

[12] 209 U.S. 123 (1908).

[13] *Wilbur v. Locke,* 423 F.3d 1101, 111 (9th Cir. 2005) (quoting *Agua Caliente Band of Cahuilla Indians v. Hardin,* 223 F.3d 1041, 1045 (9th Cir. 2000) *abrogated on other grounds by Levin v. Commerce Energy, Inc.,* -- U.S. --, 130 S.Ct. 2323 (2010).

3

Case Nos.: C 11-1872 PSG
            C 11-1873 PSG
ORDER

an ongoing violation of federal law and seeks prospective relief.[14] In addition, the officer sued must have some connection with the enforcement of the act.[15] The connection "must be fairly direct; a generalized duty to enforce state law or general supervisory power over the persons responsible for enforcing the challenged provisions will not subject an official to suit."[16]

### III.   DISCUSSION

Nowhere in either complaint does Boston allege that the Attorney General waived sovereign immunity under the Eleventh Amendment. The court therefore must consider whether Boston's suits fall within the limited exception recognized in *Ex Parte Young*.

The Attorney General contends that Boston's complaints do not fall within *Ex Parte Young* because Boston has not alleged that the Attorney General has enforced or ever threatened to enforce Section 22351(b) or 27400 against him. Boston only brings suit against the Attorney General in her capacity as a state authority who might enforce the statutes. He thus fails to allege the required connection.

Boston responds by claiming that the Attorney General is a "State Actor" because of her role on the Commission on Peace Officer Standards and Training ("POST") and its involvement in certifying peace officers in California.[17] POST includes instruction on traffic enforcement and arrests as part of the certification program. Boston contends that the guidelines promulgated by POST leave "little room for local discretion."[18] POST also operates under the direct administration and authority of the Attorney General and the California Department of Justice, tasking the Attorney General with enforcement of the vehicle code.

---

[14] *ACS of Fairbanks, Inc. v. GCI Communication Corp.,* 321 F.3d 1215, 1216-17 (9th Cir. 2003) (internal citations omitted).

[15] *See Snoeck v. Brussa,* 153 F.3d 984, 986 (9th Cir. 1998).

[16] *Los Angeles County Bar Ass'n v. Eu,* 979 F.2d 697, 704 (9th Cir. 1992).

[17] *Id.* at 25.

[18] *Id.* at 34.

The court agrees with the Attorney General that Boston has not alleged a sufficient connection between her and enforcement of Section 22351(b) and 27400. As an initial matter, two decades ago the Ninth Circuit noted that "[w]e doubt that the general supervisory powers of the California Attorney General are sufficient to establish the connection with enforcement required by *Ex Parte Young.*"[19] Here, Boston has not alleged in either complaint any likelihood or threat by the Attorney General to enforce Sections 22351(b) or 27400 against him in the future or to employ any supervisory powers against Boston's interests.[20] Though Boston attempts to argue that the Attorney General's role on the Commission justifies naming her as a defendant in this case, the Attorney General is but one of sixteen members of the POST Commission. She and the California Department of Justice neither control POST, nor do they set the minimum training standards for California peace officers. While the Attorney General does have a measure of supervisory authority over district attorneys, sheriffs and other law enforcement officers as may be designated by law under Article 5, Section 13 of the California Constitution, this constitutional authority is not absolute.[21] Under these circumstances, *Ex Parte Young* does not apply, and the Eleventh Amendment bars federal court jurisdiction.[22]

---

[19] *Long v. Van de Kamp,* 961 F.2d 151, 152 (9th Cir. 1992).

[20] *See id.*

[21] *See Brewster v. Shasta County,* 275 F.3d 803, 809 (9th Cir. 2001) (Cal. Const. Art. V, Section 13 states: "Attorney General shall be the chief law officer of the State. It shall be the duty of the Attorney General to see that the laws of the State are uniformly and adequately enforced. The Attorney General shall have direct supervision over every district attorney and sheriff and over such other law enforcement officers as may be designated by law").

[22] *Cf. National Audubon Society, Inc. v. Davis,* 307 F.3d 835, 847 (9th Cir. 2002) (rejecting application of *Ex Parte Young* to claims against Governor and Secretary of Resources based on lack of "showing that they have the requisite enforcement connection to Proposition 4"). Because the undersigned has found that both of Boston's complaints are barred by sovereign immunity under the Eleventh Amendment, the court need not address the Attorney General's argument in the alternative that Boston lacks standing to bring his claims. *See Snoeck v. Brussa,* 153 F.3d 984, 988 (9th Cir. 1998) ("Because the Eleventh Amendment bar conclusively ends this dispute we need not address the related issue of standing which the district court found plaintiffs lacked").


## IV. CONCLUSION

The Attorney General's two motions to dismiss are GRANTED. Although courts generally dismiss with leave to amend,[23] Boston offers no suggestion that an amendment here to address the infirmity identified by the court would be anything but futile.[24] As a result, these dismissals are without leave to amend.

**IT IS SO ORDERED.**

Dated:   March 26, 2012

PAUL S. GREWAL
United States Magistrate Judge

---

[23] Fed. R. Civ. P. 15(a)(2) provides that the court should "freely give leave [to amend pleadings] when justice so requires." Courts are to apply Rule 15's policy of favoring amendments to pleadings with "extreme liberality." *Eldridge v. Block,* 832 F.2d 1132, 1135 (9th Cir. 1987).

[24] A proposed amendment is considered futile if "no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff-Sexton*, 845 F.2d 209, 214 (9th Cir. 1988) ("A motion for leave to amend may be denied if it appears to be futile or legally insufficient").

6

Case Nos.: C 11-1872 PSG
          C 11-1873 PSG
ORDER